UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
ALBERT JOHNSON, an individual

        Plaintiff,

  -against-

UNIVERSAL MUSIC PUBLISHING GROUP,
UNIVERSAL MUSIC – MGB SONGS, and UNIVERSAL
MUSIC MGB NA LLC D/B/A "UNIVERSAL MUSIC –
CAREERS"

        Defendants.
-------------------------------------------------------------X

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff, ALBERT JOHNSON brings forth Complaint for Declaratory Judgment, Copyright Infringement, Unjust Enrichment, Conversion, and other relief against Defendants, UNIVERSAL MUSIC PUBLISHING GROUP, UNIVERSAL MUSIC – MGB SONGS, and UNIVERSAL MUSIC MGB NA LLC D/B/A "UNIVERSAL MUSIC – CAREERS" and states the following:

### PARTIES

1. At all times hereinafter mentioned, Plaintiff, ALBERT JOHNSON (hereinafter "JOHNSON"), is a resident of the State of New York and a successful performing musical artist, songwriter/composer.

2. Defendant, UNIVERSAL MUSIC PUBLISHING GROUP (hereinafter "UNIVERSAL PUBLISHING") is purportedly a corporation, state of incorporation in New York with its principal place of business at 1540 Broadway, New York, NY 10036. With offices conducting business in this judicial district, venue is proper in this Court.

3. Defendant, UNIVERSAL MUSIC – MGB SONGS (hereinafter "MGB SONGS") is purportedly a division of UNIVERSAL MUSIC GROUP which is incorporated in Delaware with its principal place of business at 2100 Colorado Avenue, Santa Monica, CA 90404. On information and belief, MGB SONGS is either doing business in or is engaged in conducting business in this judicial district, venue is proper in this Court.

4. Defendant, UNIVERSAL MUSIC MGB NA LLC D/B/A UNIVERSAL MUSIC - CAREERS (hereinafter "MGB NA") is purportedly a California limited liability company doing business as Universal Music – Careers, with its principal place of business at 2100 Colorado Avenue, Santa Monica, CA 90404. On information and belief, MGB NA is either doing business in or is engaged in conducting business in this judicial district, venue is proper in this Court.

## JURISDICTION AND VENUE

5. This action arises under the Copyright Act of the United States, 17 U.S.C. § 101, et seq. and the common law of New York. Pursuant to 28 U.S.C. § 1338 this court has jurisdiction.

6. Personal jurisdiction of this Court over all Defendants is proper as Defendants regularly conduct business within this judicial district. In addition, one or more acts of the injuries sustained took place in this district.

7. Venue of this action is proper in this judicial district pursuant to 28 U.S.C. §1391(c) because one or more of the claims arose in this district. All Defendants regularly conduct business within this district. Furthermore, a substantial part of the events giving rise to Plaintiff's claims arose in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. Plaintiff JOHNSON is a successful performing musical artist, songwriter and composer of original music and sound. He is also a member of the rap group MOBB DEEP.

9. Defendants collectively are engaged in music publishing that maintains a large catalog of music artists and movie soundtracks.

10. Plaintiff is the author of music and lyrics to original musical compositions, namely listed as Exhibit A (collectively the "Infringed Compositions" or "Compositions") Plaintiff owns the rights and title to the copyright in the Infringed Compositions as author, and has been registered or will be registered with the United States Copyright Office, or is or will be the subject of an application for registration filed with the Copyright Office (*See* Exhibit A).

11. On February 1, 1995 plaintiff entered into a Co-Publishing Agreement (hereinafter "AGREEMENT") with Defendants' predecessor BMG Songs, Inc. (hereinafter "BMG") whereby JOHNSON and Kejuan Muchita (hereinafter "MUCHITA"), as a members of MOBB DEEP, and "Owner" as referenced in the Agreement, "sold, assigned, transferred and set over to BMG an undivided fifty percent (50%) interest in and to all of Owner's right, title and interest in the Compositions throughout the world..." The Agreement also reads, "The term of this agreement (the "Term") will begin on February 1, 1995 and will continue for an initial period (the "Initial Period") ending thirty (30) days after the date when Owner completes fulfillment of the Minimum Delivery Commitment for the succeeding Contract Period (i.e., the First Contract Period), i.e., to enable Publisher to preview the Commitment for such first Option before opting the same. In no event shall the Initial Period subsist for less than

one (1) year...Publisher may exercise each of those options by sending Owner a notice not later than the expiration date of the Contract Period which is then in effect (the "current Contract Period")" (Exhibit B).

12. On June 12 2006, BMG and JOHNSON entered into an Amendment to the Agreement (hereinafter "Amendment 1"), whereby according to Paragraph 1(a.) of the 2006 Amendment, "...Publisher hereby exercises its option for the Fifth Option Period." Paragraph 1(b.) also reads, "Owner hereby grants to Publisher one (1) additional option to extend the Term of the Agreement for an additional Option Period (the "Sixth Option Period")" (Exhibit C).

13. In Section 2(a.) of the Amendment 1, "The Publisher acknowledges that the album entitled "Blood Money" shall apply in satisfaction of the Minimum Delivery Commitment for the Fifth Option provided that such album is not a Shortfall Album."

14. On September 25, 2007, BMG and JOHNSON entered into an Amendment to the Agreement (hereinafter "Amendment 2"), whereby according to Paragraph 1(a.) of the 2007 Amendment, "Owner hereby grants to Publisher one (1) additional Option Period (the "Seventh Option Period"). Except as specifically provided herein, the Seventh Option Period shall be exercisable in the same manner as provided for the Sixth Option Period..." The Defendants never exercised the Sixth Option Period (Exhibit D).

15. On August 2, 2010, BMG and JOHNSON entered into an Amendment to the Agreement (hereinafter "Amendment 3"), whereby according to Paragraph 1 of the 2010 Amendment, "Publisher and Owner hereby acknowledge and agree that the Term of the Agreement is currently in the Fifth Period and all advances payable by Publisher to Owner in connection with the Agreement prior to the date hereof have fully paid by Publisher to Owner" (Exhibit E).

16. On February 21, 2012, BMG and JOHNSON entered into an Amendment to the Agreement (hereinafter "Amendment 4"), whereby according to Paragraph 1 of the 2012 Amendment, "Publisher and Owner hereby acknowledge and agree that the Term of the Agreement is currently in the Fifth Period and all advances payable by Publisher to Owner in connection with the Agreement prior to the date hereof have fully paid by Publisher to Owner." (Exhibit F).

17. On August 14, 2013, BMG and JOHNSON entered into an Amendment to the Agreement (hereinafter "2013 Amendment"), which does not mention the current Option Period. (Exhibit G).

18. In 1994, JOHNSON and Mobb Deep delivered to the Defendants an album entitled "*The Infamous*" (the "Original Album"). In 2014, JOHNSON and Mobb Deep delivered to the Defendants a two (2) set album entitled "*The Infamous Mobb Deep*" (the "Album"). Album 1 of the Album, *The Infamous Mobb Deep*, consisted of 17 original compositions which were not on the Original Album. The *1994 Infamous Session* consisted of 14 unreleased compositions whereby only 4 compositions were on the Original Album. (Exhibit A).

## FIRST CLAIM FOR RELIEF

## (DECLARATORY JUDGMENT FOR RESCISSION OF THE PUBLISHING AGREEMENT DUE TO MUTUAL MISTAKE)

19. Plaintiff re-allege and incorporate by reference the allegations contained in paragraphs 1 through 18.

20. On February 1, 1995, Plaintiff and Defendants entered into an agreement whereby "Publisher may exercise each of those options by sending Owner a notice not later than the expiration date of the Contract Period which is then in effect (the "current Contract Period")."

21. On June 12, 2006, "…Publisher hereby exercises its option for the Fifth Option Period…Owner hereby grants to Publisher one (1) additional option to extend the Term of the Agreement for an additional Option Period (the "Sixth Option Period")."

22. Defendants never notified Plaintiff of exercising the Sixth Option Period.

23. In the 2007, 2010 and 2012 Amendments, Plaintiff and Defendants mistakenly stated that Plaintiff was still in the Fifth Option Period, when in fact the 2006 Amendment clearly reads, "The Publisher acknowledges that the album entitled "Blood Money" shall apply in satisfaction of the Minimum Delivery Commitment for the Fifth Option provided that such album is not a Shortfall Album."

24. There was no mention of any option period in the 2013 Amendment, but Plaintiff being in the Fifth Option Period was assumed by all Parties.

25. The mutual mistake by Plaintiff and Defendants of Plaintiff being in the Fifth Option Period existed prior to the 2007, 2010, 2012 and 2013 Amendments and such mistake of being in the Fifth Option Period is a material fact.

26. Plaintiff seeks declaratory judgment based on the mutual mistake by both parties that Plaintiff was still in the Fifth Option Period, a rescission of 2007, 2010, 2012 and 2013 amendments to the 1995 Agreement thereby voiding all such agreements.

27. In the alternative, Plaintiff seeks declaratory judgment by the Court to declare the Plaintiff's current Option Period, if any.

## SECOND CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT)
## (BY PLAINTIFF AGAINST ALL DEFENDANTS)

28. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 27.

29. The Compositions written by Plaintiff are original works of authorship and registered with the United States Copyright Office. The Infringed Compositions comply with all statutory and other applicable formalities. Attached hereto are true and correct copies of the U.S. Copyright Registrations as Exhibit A.
30. Defendants, without the permission or consent of Plaintiff, and without authority has infringed plaintiffs' copyright and exclusive rights in the Compositions in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §106 and §501.
31. Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.
32. Defendants' conduct is causing, and unless immediately enjoined, will continue to cause enormous and irreparable harm to plaintiff. Defendants' conduct must be stopped and Plaintiff must be compensated for Defendants' willful acts of infringement.
33. Based on the mutual mistake that Plaintiff was in the Fifth Option Period in the 2007, 2010, 2012 and assumed in 2013 Amendments and the Sixth Option Period was never exercised by Defendants therefore such amendments should be void, it is clear that Defendants were not granted any publishing rights to any Compositions written by Plaintiff for the Album delivered in 2014, however continue their infringing publishing activity by collecting and retaining royalties due to Plaintiff.
34. Defendants do not have any authorization, permission or consent to use the Infringed Compositions in the Album.
35. As a direct and proximate result of Defendants' infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Plaintiff's election,

pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to their actual damages plus Defendants' profits from infringement.

36. Plaintiff further is entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

### THIRD CLAIM FOR RELIEF
### (UNJUST ENRICHMENT)
### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

37. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 36.

38. Defendants have wrongfully represented themselves as the publisher, owner, and administrator of Plaintiff's publishing rights to Compositions written by Plaintiff on the Album delivered in 2014 by the handling and compensation of royalties and thereby benefiting monetarily. (*See* Exhibit B).

39. Defendants have benefited and continue to benefit at Plaintiff's expense by their unrightful publishing activity and collecting of Plaintiff's royalties without compensation to Plaintiff.

40. As the author of the Compositions written on the Album delivered in 2014, Plaintiff has an expectation of compensation in the form of publishing royalties for his work and is entitled to receive such royalties.

41. Equity and good conscience require that Plaintiff be compensated the royalties distributed to Defendants. The Defendants have received and appreciated monetary benefits under circumstances by which it would be unfair and unjust for Defendants to retain such benefits without compensation to Plaintiff.

42. Defendant has been unjustly enriched in the amount of, subject to further accounting provided by Defendant.

## FOURTH CLAIM FOR RELIEF

### (CONVERSION)

### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

43. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 42.
44. Defendants intentionally and knowingly converted the Infringed Compositions of the Album to its own use and benefit without Plaintiff's permission or lawful cause.
45. Defendants' unlawful conversion of the Infringed Compositions of the Album without plaintiff's permission or lawful cause constitutes conversion and a wrongful taking of Plaintiff's property.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF PRAYS JUDGMENT AS FOLLOWS:**
ON THE FIRST CLAIM FOR DECLARATORY JUDGMENT

1. Enter an Order declaring a rescission of the 2007, 2010, 2012 and 2013 amendments to the 1995 Agreement thereby voiding all such agreements.
2. In the alternative, enter an Order declaring Plaintiff's current Option Period.

ON SECOND CLAIM FOR COPYRIGHT INFRINGEMENT

3. For accounting from Defendants attributable to their infringements of Plaintiff's copyright in the Compositions on the Album.
4. Prejudgment interest in an amount according to proof;
5. For a preliminary and permanent injunction prohibiting Defendant in continuing to infringe Plaintiffs' copyright in the infringed compositions;

6. For Plaintiff's attorneys' fees, costs, and disbursements in this action; and,

7. Such other relief as the court may deem proper.

ON THIRD CLAIM FOR UNJUST ENRICHMENT

1. General damages in an amount according to proof;

2. Costs of suit herein incurred;

3. Prejudgment interest in an amount according to proof; and,
   Such other relief as the court may deem proper.

ON FOURTH CLAIM FOR CONVERSION

1. Costs of suit herein incurred;

2. Prejudgment interest in an amount according to proof; and,
   Such other relief as the court may deem proper.

BODDIE & ASSOCIATES, P.C.

_____
COREY D. BODDIE
Attorney No. (CB 1922)
Attorney for Plaintiff

Boddie & Associates, P.C.
40 Exchange Place
Suite 1800
New York, NY 10005
Office: (212)-480-7652
Fax: (646)-349-2933
Email: corey@boddieassoc.com